**FILED & ENTERED**

**JUN 06 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Cetulio    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Michael A Di Bacco<br><br>Debtor(s).<br><br>Michael Kline<br><br>Plaintiff(s),<br>  v.<br><br>Michael A Di Bacco<br><br>Defendant(s). | CHAPTER 7<br><br>Case No.:  1:20-bk-11952-VK<br>Adv No:  1:21-ap-01010-GM<br><br>**TENTATIVE RULING ON MOTION IN LIMINE TO PRECLUDE DEFENDANT'S WITNESSES [DKT. 126]**<br><br>Date:         June 6, 2023<br>Time:         10:00 AM<br>Courtroom: 303 |

   The thrust of this motion is that the Defendant has been non-cooperative throughout this adversary proceeding and that means that the Plaintiff is unable to do proper trial preparation.  [Court comment: *The entire history is set forth below – some from the motion and some from the docket.*]  The very late disclosure of the witnesses

-1-

violated the Plaintiff's right to due process. Beyond that, there is now a new "alleged" expert that the Defendant plans to use at trial, but was never previously disclosed. Also, the Rule 7026 Initial Disclosures were never made.

The list of witnesses was provided on March 9, 2023 and included 12 people. As to the experts, the initial list was on May 23, 2022, but Pam Jennings was added on July 6, 2022. The motion contends that on March 23, 2023 the Defendant sent his witness list, but that same day he filed a new witness list that included 2 more people. The witness list keeps changing, so the Plaintiff does not know who will be the real witnesses.

The Federal Rules of Bankruptcy Procedure provide sanctions when the other party fails to make disclosure requited by Rule 7026 or when a party fails to follow an order to provide discovery or willfully, repeatedly, and persistently disobeys court orders. The test for a dispositive sanction is laid out in *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003):

> A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe. We review discovery sanctions for abuse of discretion. Only "willfulness, bad faith, and fault" justify terminating sanctions.
>
> We have constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive

sanctions. This "test" is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow. . . .

By way of showing that the Defendant has been uncooperative throughout, Plaintiff states that in August 2021 the Court granted his motion to compel production of documents (dkt. 35) and that in January 2023 Judge Kaufman set an OSC re: striking the Defendant's answer for failure to prosecute (dkt. 81).

Opposition of Defendant

The Defendant begins with the identities of the witnesses on his various lists and the dates that they were produced. He notes that he had contacted the Plaintiff to agree that depositions could be done by notice. And then he limits some of the witnesses by noting that he will not be calling four designated experts and one other witness.

Exclusion of the witnesses is a harsh remedy. Things that some courts have used as guidelines are (1) the explanation, if any, for the failure to disclose; (2) prejudice to the opposing party; (3) the potential for curing the breach by granting a continuance; and (4) the importance of the testimony" citing *Barett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir.1996) and *Sierra Club Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); cert. denied, 519 U.S. 811 (1996).

Some of the witnesses are on both witness lists and should therefore be allowed to be called by either party. As to other witnesses, the Defendant agrees that their depositions can be scheduled through a notice procedure. He also complied with the Court's prior orders.

Timeline (created by the Court)

2/4/21 – Complaint filed

4/24/21 – Plaintiff propounded a request to produce, a request for admissions, and interrogatories.

5/25/21 – Responses to discovery due.  Never responded and no documents were produced.

8/4/21 – Plaintiff filed motion to compel production of documents.

8/23/21 – Defendant filed late opposition to motion to compel

8/25/21 – Hearing on motion to compel, granted.  Production required and was accomplished.

5/6/22 – Plaintiff filed expert witness list (dkt. 54)

5/7/22 – Plaintiff filed amended expert witness list (dk.t 55)

5/23/22 – Defendant served his list of expert witnesses (dkt. 60)

7/6/22 – Defendant filed an amended list of expert witnesses (dkt. 67)

9/21/22 – Defendant failed to appear at pre-trial conference.

9/22/22 – Plaintiff sent a letter about the requirements for a pre-trial stipulation.  No response.

11/29/22 – Plaintiff sent a draft pre-trial stipulation and a letter about requirements.  No response.

1/11/23 – Pretrial conference.  Court issued OSC why defendant's answer should not be stricken and a default entered (dkt. 81)

2/22/23 – Hearing on OSC. Defendant ordered to pay plaintiff $400. (dkt. 101)  Paid (dkt. 106)

2/22/23 _ Scheduling Order given at pre-trial. (dkt. 104) – Pretrial conf. continued to 3/22/23; Stipulation of uncontested facts to be filed by 3/13/23; Witness lists and summary of testimony filed by 3/13/23; list of exhibits filed by 3/13/23.

3/9/23 – Defendant served his witness list (dkt. 107)

*3/9/23 – Plaintiff states that Defendant filed a new witness list, adding two more witnesses.* [IS THIS DKT. 107? OTHERWISE, THIS IS NOT ON THE DOCKET.]

3/12/23 – Plaintiff filed his witness list; included expert witnesses (dkt. 108)

3/12/23 – Plaintiff filed his list of exhibits (dkt. 109)

3/13/23 – Defendant filed his list of exhibits and noted plaintiff's objections (dkt. 110)

3/13/23 – Joint pretrial stipulation of undisputed facts filed (dkt. 111)

3/15/23 – Defendant's objections to plaintiff's trial exhibit list filed (dkt. 113)

3/19/23 – A second joint pre-trial stipulation is filed (dkt/115)

5/11/23 – Defendant sends letter to Plaintiff that he can take the deposition of Pam Jenning on notice.

5/23/23 – Defendant sends letter to Plaintiff that he can depose all witnesses on notice

## Analysis and Ruling

I am somewhat confused as to exactly what the plaintiff is asserting. Judge Kaufman sanctioned the defendant for his failure to participate in discovery and he paid that sanction. At the pretrial conference (held the same day as the OSC that led to the sanctions), Judge Kaufman set dates for the filing of final witness lists, expert witness lists, and lists of exhibits as well as of a joint pretrial statement of undisputed facts. Both sides did this in a timely fashion.

Mr. Di Bacco has been sanctioned for past behavior and I will not reopen the OSC.

It appears that Mr. Lally feels that he was prejudiced by the addition of witnesses to the prior lists, but this was within Judge Kaufman's order. Not only that, but this was done in March 2023 and as of June 6, the trial date has not been set. If Mr. Lally requires additional time to depose the experts, he only needs to ask. Mr. Di Bacco agrees to setting the depositions by notice, so any delays should be vitiated or, at least, not the fault of Mr. Di Bacco.

Deny the motion in limine. Both sides are to work together to create a deposition schedule and we will set this and then set a trial date. I will need a trial estimate.

###

Date: June 6, 2023

Geraldine Mund
United States Bankruptcy Judge